# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA M. WYNN, *on her own behalf and on behalf of all others similarly situated*,

Plaintiffs,

v.

NATIONAL CORRECTIVE GROUP, INC.,

Defendant.

Civil Action No. 14-200
Judge Nora Barry Fischer

## **MEMORANDUM ORDER**

AND NOW, this 12th day of August, 2014, upon consideration of the Defendant's Motion to Dismiss [17], Plaintiffs' Brief in Opposition to same [20], Defendant's Reply Brief [21], this Court's Order for the Defendant to provide the District Attorneys' Contact Information [25], and Defendant's Response to same [27],

IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss [17] is DENIED without prejudice to Defendant renewing its motion following discovery on the issue of immunity. In support of this ORDER, the Court notes:

Federal Rule of Civil Procedure 12(b)(7) permits dismissal of a claim for failure to join a party under Rule 19. Federal Rule of Civil Procedure 19(a) states:

> (a) Persons Required to Be Joined if Feasible.
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED.R.CIV.P. 19(a). Further, Rule 19(b) provides factors for the Court to consider in determining whether to dismiss an action when joinder is not feasible:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> (A) protective provisions in the judgment;
> (B) shaping the relief; or
> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and

FED.R.CIV.P. 19(B). Consideration of a motion to dismiss brought under Rule 12(b)(7) "naturally begins with Rule 19." *Enter. Bank & Trust v. Lipton*, 2013 WL 394868 (W.D.Pa. Jan. 31, 2013) citing *Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc.*, 669 F.Supp.2d 613, 616–17 (W.D.Pa. 2009).

Rule 19 confronts two distinct but related questions concerning compulsory joinder, and the Rule's structure typically demands a two-step analysis. *Id.* citing *Pittsburgh Logistics Sys., Inc.*, 669 F.Supp.2d at 616–17; *Tullett Prebon PLC v. BGC Partners, Inc.*, 427 F. App'x 236, 239 (3d Cir. 2011); and *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). The standard set forth in Rule 19(a) requires a Court to consider whether a person or entity not presently a litigant in the action is a "required party." *Id.* at 617; *Huber v. Taylor*, 532 F.3d 237, 248 (3d Cir. 2008). "Required parties" are those "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" and who satisfy one of two subsections of Rule 19(a). *Id.* (quoting FED.R.CIV.P. 19(a)(1)); *see Altman v. Liberty*

*Helicopters*, 2010 WL 2998467 (E.D.Pa. July 29, 2010) ("'Clauses (1) and (2) of Rule 19(a) are phrased in the disjunctive and should be so treated.'") (quoting *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir. 1993)). Rule 19(a)(1)(A) asks whether "in that person's absence, the court cannot accord complete relief among existing parties." FED.R.CIV.P. 19(a)(1)(A). "At this step, the court limits its inquiry to whether it can 'grant complete relief to persons *already named* as parties to the action; what effect a decision may have on absent parties is immaterial.'" *Pittsburgh Logistics Sys., Inc.*, 669 F.Supp.2d at 617 (quoting *Gen. Refractories*, 500 F.3d at 313) (emphasis in original) (citing *Huber*, 532 F.3d at 248).

Alternatively, with respect to Rule 19(a)(1)(B), the Court "must consider the effect, if any, that resolution of the dispute among the named parties will have on an absent party." *Huber*, 532 F.3d at 248. Rule 19(b) then sets forth whether the Court should permit the litigation to proceed when the joinder of an otherwise required party is not feasible because doing so would either destroy subject matter jurisdiction or violate venue principles. FED.R.CIV.P. 19(b). This is a question that the Court need not reach if the absent party is not necessary under Rule 19(a). *See Culinary Serv. of Delaware Valley, Inc. v. Borough of Yardley, Pa*, 385 F. App'x 135, 145 (3d Cir. 2010) ("A holding that joinder is compulsory under Rule 19(a) is a necessary predicate to the district court's discretionary determination under Rule 19(b).") (citing *Gen. Refractories Co.*, 500 F.3d at 307). In other words, if it is not feasible to join a necessary absent party, the Court must then determine whether the absent party is "indispensable" by applying the four Rule 19(b) factors. *Enter. Bank & Trust*, at *4 citing *Pittsburgh Logistics Sys., Inc.*, 669 F.Supp.2d at 617. If the Court deems the absent party indispensable, the litigation cannot proceed. *Id.* citing *Janney Montgomery Scott*, 11 F.3d at 404.

The Defendant argues that the District Attorneys are necessary parties to the present litigation. (Docket No. [18] at 6–9). The Defendant further avers that joinder of the District Attorneys is not feasible, because they enjoy absolute immunity. (*Id.* at 13–15). In support of its Motion, the Defendant contends that without the District Attorneys, the Court would be unable to grant the Plaintiffs complete relief, the District Attorneys have a legally protected interest, the District Attorneys will suffer severe prejudice, no relief can be shaped that avoids prejudice, and no adequate relief is available. (*Id.* at 7–13; 16–18).

The Plaintiffs claim that this Court can accord complete relief, the District Attorneys do not have a legally protected interest, there is no substantial risk of multiple or inconsistent obligations, the District Attorneys will not suffer any prejudice, and there is no alternative forum. (Docket No. [20] at 6–19).

Neither party clarifies what individuals and/or entities are parties to the contracts that are the subjects of this suit: the District Attorneys in their individual capacities, the District Attorneys in their official capacities, or the Offices of the District Attorney. Thus, the Defendant's conclusory statement that the District Attorneys enjoy absolute immunity (Docket No. [17] at ¶ 35; Docket No. [18] at 13–16) is insufficient to warrant dismissal at this juncture, as the record is undeveloped even with the Defendant's Response [27] to this Court's Order [25] wherein the Defendant lists all District Attorneys with whom the Defendant has contracts.

IT IS FURTHER ORDERED that Defendant shall file an Answer to Plaintiffs Complaint [1] on or before August 26, 2014.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record